**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4417**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUIS CASTRO VILLEDA, a/k/a Luis Herierto Villeda,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. J. Michelle Childs, District Judge. (5:14-cr-00556-JMC-3)

Submitted: April 21, 2016        Decided: April 25, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Ervin, III, Darlington, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Castro Villeda appeals his conviction and the 360-month sentence imposed after he pled guilty, without a plea agreement, to one count of conspiracy to kidnap another person and transport him across state lines, in violation of 18 U.S.C. §§ 2, 1201 (2012). Villeda's attorney filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but raising the district court's compliance with Fed. R. Crim. P. 11 and the reasonableness of Villeda's sentence as possible issues for review. Villeda has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. Finding no reversible error, we affirm.

Because Villeda did not move in the district court to withdraw his guilty plea, the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. See United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014), cert. denied, ___ U.S. ___, 135 S. Ct. 1842 (2015). In the guilty plea context, a defendant satisfies this burden by showing a reasonable probability that he would not have pled

2

guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). "Even when this burden is met, we have discretion whether to recognize the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Aidoo, 670 F.3d 600, 611 (4th Cir. 2012) (internal quotation marks omitted).

Our review of Villeda's plea hearing leads us to conclude that the district court complied with the mandates of Rule 11 in accepting Villeda's guilty plea. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact and that Villeda entered the plea knowingly and voluntarily, with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no error in the district court's acceptance of Villeda's guilty plea.

Although we review Villeda's sentence for reasonableness, applying an abuse-of-discretion standard, see Gall v. United States, 552 U.S. 38, 46 (2007), we review unpreserved, non-structural sentencing errors for plain error. See United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first

3

assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49–51; Lynn, 592 F.3d at 575–76. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 421 (2014).

We conclude that Villeda's sentence is procedurally and substantively reasonable. The district court correctly calculated Villeda's Guidelines range, listened to counsel's arguments, and adequately explained its reasons for imposing the 360-month sentence. Further, Villeda offers nothing to rebut the presumption of substantive reasonableness this court affords his within-Guidelines sentence. We thus conclude that Villeda's sentence is reasonable.

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Villeda, in writing, of the right to petition the Supreme Court of the United States for further review. If Villeda requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Villeda. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>